Ben A. Kaplan
**CHULSKY KAPLAN LLC**
280 Prospect Ave. 6G
Hackensack, NJ 07601
Phone: (877) 827-3395 ex 102
Cell Phone: (201) 803-6611
Fax: (877) 827-3394
ben@chulskykaplanlaw.com
Attorneys for Plaintiff(s)

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| SUHEIL LOPEZ, on behalf of herself and all others similarly situated, | Civil Case Number: _____ |
| Plaintiff(s), | **CIVIL ACTION** |
| -against- | **CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL** |
| MERCANTILE ADJUSTMENT BUREAU, LLC; LVNV FUNDING, LLC and JOHN DOES 1-25, | |
| Defendant(s). | |

## LOCAL CIVIL RULE 10.1 STATEMENT

1.    The mailing addresses of the parties to this action are:

SUHEIL LOPEZ
138 Primrose Lane
Brick, New Jersey 08724

MERCANTILE ADJUSTMENT BUREAU, LLC
165 Lawrence Bell Drive, Suite 100
Williamsville, New York 14221

LVNV FUNDING, LLC
700 Executive Center Drive, #300
Greenville, South Carolina 29615

## PRELIMINARY STATEMENT

2.      Plaintiff on behalf of herself and all others similarly situated ("Plaintiff"), by and through her attorneys, alleges that the Defendant, MERCANTILE ADJUSTMENT BUREAU, LLC ("MERCANTILE"); LVNV FUNDING, LLC ("LVNV"); JOHN DOES 1-25 and their employees, agents and successors (collectively "Defendants") violated 15 U.S.C. § 1692 *et seq.*, the Fair Debt Collection Practices Act (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

## JURISDICTION AND VENUE

3.      This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331.  This is an action for violations of 15 U.S.C. § 1692 *et seq.*

4.      Venue is proper in this district under 28 U.S.C. §1391(b) and 15 U.S.C. § 1692k(d) because the acts of the Defendants that give rise to this action, occurred in substantial part, in this district.

## DEFINITIONS

5.      As used in this complaint, the terms "creditor," "consumer," "debt" and "debt collector" are defined at 15 U.S.C. § 1692a.

## PARTIES

6.      Plaintiff is a natural person, a resident of Ocean County, New Jersey and is a "Consumer" as defined by 15 U.S.C. § 1692a(3).

7.      MERCANTILE maintains a location at 165 Lawrence Bell Drive, Suite 100, Williamsville, New York 14221.

8.      LVNV maintains a location at 700 Executive Center Drive, #300, Greenville, South Carolina 29615.

9.      MERCANTILE uses the instrumentalities of interstate commerce or the mails to engage in the principal business of collecting debt and/or to regularly engage in the collection or attempt to collect debt asserted to be due or owed to another.

10.     LVNV uses the instrumentalities of interstate commerce or the mails to engage in the principal business of collecting debt and/or to regularly engage in the collection or attempt to collect debt asserted to be due or owed to another.

11.     MERCANTILE is a "Debt Collector" as that term is defined by 15 U.S.C. § 1692(a)(6).

12.     LVNV is a "Debt Collector" as that term is defined by 15 U.S.C. § 1692(a)(6).

13.     John Does 1-25, are currently unknown Defendants whose identities will be obtained in discovery and at that time will be made parties to this action pursuant to the Federal Rules of Civil Procedure (hereinafter "FRCP"); Rule 15, Rule 20 and Rule 21. Plaintiff's claims against the currently unknown Defendants arise out of the same transaction, occurrence or series of transactions arising from known Defendant's actions and are due to common questions of law and fact whose joinder will promote litigation and judicial efficiency.

## CLASS ACTION ALLEGATIONS

14.     Plaintiff brings this action as a state-wide class action, pursuant to Rule 23 of the FRCP, on behalf of herself and all New Jersey consumers and their successors in interest (the "Class"), who were sent debt collection letters and/or notices from the Defendant, in violation of the FDCPA, as described in this Complaint.

15.     This Action is properly maintained as a class action. The Class is initially defined as:

All New Jersey consumers who were sent letters and/or notices from MERCANTILE concerning a debt owned by LVNV, which originated with BALLYS TOTAL FITNESS HOLDING CORP. and which included the alleged conduct and practices described herein.

The class definition may be subsequently modified or refined. The Class period begins one year prior to the filing of this Action.

13.    The Class satisfies all the requirements of Rule 23 of the FRCP for maintaining a class action:

    a.  Numerosity: The Class is so numerous that joinder of all members is impracticable because there are hundreds and/or thousands of persons who were sent debt collection letters and/or notices from the Defendant(s) that violate specific provisions of the FDCPA. Plaintiff is complaining about a standard form letter and/or notice that was sent to at least fifty (50) persons (*See* **Exhibit A).** The undersigned has, in accordance with FRCP Rule 5.2, redacted the financial account numbers and/or personal identifiers in said letter.

    b.  Commonality: There are questions of law and fact common to the class members which predominate over questions affecting any individual Class member.   These common questions of law and fact include, without limitation:

       i.    Whether the Defendants violated various provisions of the FDCPA;

ii.      Whether Plaintiff and the Class have been injured by the

Defendants' conduct;

iii.      Whether Plaintiff and the Class have sustained damages and are

entitled to restitution as a result of Defendants' wrongdoing and if

so, what is the proper measure and appropriate statutory formula to

be applied in determining such damages and restitution; and

iv.      Whether Plaintiff and the Class are entitled to declaratory relief.

c. Typicality: Plaintiff's claims are typical of the Class, which all arise from

the same operative facts and are based on the same legal theories.

d. Adequacy of Representation: Plaintiff has no interest adverse or

antagonistic to the interest of the other members of the Class. Plaintiff will

fairly and adequately protect the interest of the Class and has retained

experienced and competent attorneys to represent the Class.

14.      A Class Action is superior to other methods for the fair and efficient adjudication

of the claims herein asserted. Plaintiff anticipates no unusual difficulties in the management of this

class action.

15.      A Class Action will permit large numbers of similarly situated persons to prosecute

their common claims in a single forum simultaneously and without the duplication of effort and

expense that numerous individual actions would engender.  Class treatment will also permit the

adjudication of relatively small claims by many Class members who could not otherwise afford to

seek legal redress for the wrongs complained of herein.  Absent a Class Action, class members

will continue to suffer losses of statutory protected rights as well as damages.

16.     Defendant(s) have acted on grounds generally applicable to the entire Class, thereby making appropriate final relief with respect to the Class as a whole.

## STATEMENT OF FACTS

17.     Plaintiff is at all times to this lawsuit, a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

18.     At some time prior to August 11, 2017, Plaintiff allegedly incurred a financial obligation to BALLYS TOTAL FITNESS HOLDING CORP. ("BALLYS TOTAL FITNESS").

19.     The BALLYS TOTAL FITNESS obligation arose out of a transaction, in which money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family or household purposes.

20.     Plaintiff incurred the BALLYS TOTAL FITNESS obligation by obtaining goods and services which were primarily for personal, family and household purposes.

21.     The BALLYS TOTAL FITNESS obligation did not arise out of a transaction that was for non-personal use.

22.     The BALLYS TOTAL FITNESS obligation did not arise out of a transaction that was for business use.

23.     The BALLYS TOTAL FITNESS obligation is a "debt" as defined by 15 U.S.C. § 1692a(5).

24.     BALLYS TOTAL FITNESS is a "creditor" as defined by 15 U.S.C. § 1692a(4).

25.     At some time prior to August 11, 2011, the BALLYS TOTAL FITNESS obligation was purchased by and/or sold to LVNV.

26.     At the time the BALLYS TOTAL FITNESS obligation was purchased by and/or sold to LVNV, the obligation was in default.

27.     The principal purpose of LVNV is the collection of debts which are in default at the time it purchases the debts.

28.     LVNV has obtained a license and/or has registered as a collection agency and/or as a debt collector with at least one State and/or State department or agency within the United States within the relevant period.

29.     On or before August 11, 2017, the BALLYS TOTAL FITNESS obligation was referred to MERCANTILE for the purpose of collection.

30.     At the time the BALLYS TOTAL FITNESS obligation was referred to MERCANTILE the BALLYS TOTAL FITNESS obligation was past due.

31.     At the time the BALLYS TOTAL FITNESS obligation was referred to MERCANTILE the BALLYS TOTAL FITNESS obligation was in default pursuant to the terms of the agreement creating the obligation and/or by operation of law.

32.     Defendants caused to be delivered to Plaintiff a letter dated August 11, 2017, which was addressed to Plaintiff.  A copy of said letter is annexed hereto as **Exhibit A**, which is fully incorporated herein by reference.

33.     The August 11, 2017 letter was sent to Plaintiff in connection with the collection of the BALLYS TOTAL FITNESS obligation.

34.     The August 11, 2017 letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

35.     The August 11, 2017 letter is the initial written communication sent from Defendant to the Plaintiff.

36.     Upon receipt, Plaintiff read the August 11, 2017 letter.

37.     The August 11, 2017 letter provided the following information regarding the balance claimed due on the BALLYS TOTAL FITNESS obligation:

Total Balance Due:          $2,210.80

38.     The August 11, 2017 letter stated in part:

> Mercantile Adjustment Bureau, LLC has received authorization from LVNV FUNDING LLC to initiate collection efforts to recover **the current balance due** as noted above. (emphasis added)
>
> The account balance may periodically increase due to the addition of accrued interest as provided in your agreement with the original creditor or as otherwise provided by law.

39.     MERCANTILE did not provide any information regarding the rate of interest, the nature of the interest, how any such interest would be calculated or what portion of the balance due, if any, reflects already accrued interest.

40.     The current balance alleged to be due on the BALLYS TOTAL FITNESS obligation was not subject to increase due to interest as provided in the agreement with BALLYS TOTAL FITNESS.

41.     The current balance alleged to be due on the BALLYS TOTAL FITNESS obligation was not subject to increase due to interest as provided by any law.

42.     MERCANTILE was not authorized by the agreement with BALLYS TOTAL FITNESS to charge or add interest to the balance of the BALLYS TOTAL FITNESS obligation.

43.     MERCANTILE was not authorized by any law to charge or add interest to the balance of the BALLYS TOTAL FITNESS obligation.

44.     LVNV was not authorized by the agreement with BALLYS TOTAL FITNESS to charge or add interest to the balance of the BALLYS TOTAL FITNESS obligation.

45. LVNV was not authorized by any law to charge or add interest to the balance of the BALLYS TOTAL FITNESS obligation.

46. As some time prior to August 11, 2017, BALLYS TOTAL FITNESS ceased charging or adding interest to the balance of the BALLYS TOTAL FITNESS obligation.

47. MERCANTILE knew or should have known that its actions violated the FDCPA.

48. Defendants could have taken the steps necessary to bring their actions within compliance with the FDCPA, but neglected to do so and failed to adequately review its actions to ensure compliance with the law.

## POLICIES AND PRACTICES COMPLAINED OF

49. It is Defendants' policy and practice to send written collection communications, in the form annexed hereto as **Exhibit A**, which violate the FDCPA, by *inter alia*:

    (a)    Using false, deceptive or misleading representations or means in connection with the collection of a debt;

    (b)    Threatening to take any action that cannot legally be taken or that is not intended to be taken;

    (c)    Using unfair or unconscionable means to collect or attempt to collect any debt; and

    (d)    Making a false representation of the character, amount legal status of the debt.

50. Defendants have sent written communications in the form annexed hereto as **Exhibit A**, to at least 50 natural persons in the state of New Jersey within one year of this Complaint.

## COUNT I

## FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692 *et seq.* VIOLATIONS

51.     Plaintiff, on behalf of herself and others similarly situated, repeats and realleges all prior allegations as if set forth at length herein.

52.     Collection letters and/or notices, such as those sent by Defendants, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

53.     Defendant's letters would cause the least sophisticated consumer to believe that the balance of the BALLYS TOTAL FITNESS obligation could increase.

54.     Defendant's letters would lead the least sophisticated consumer to believe that the amount due could increase due to additional interest.

55.     Defendants' representation that the amount due could increase due to additional interest when in fact the amount due would not, did not and could not increase violated various provisions of the FDCPA including but not limited to:  15 U.S.C. § 1692e; § 1692e(2)(A); § 1692e(5); § 1692e(10); and § 1692f *et seq.*

56.     Defendants violated 15 U.S.C. § 1692e of the FDCPA by using any false, deceptive or misleading representation or means in connection with their attempts to collect debts from Plaintiff and others similarly situated.

57.     Defendants violated 15 U.S.C. § 1692e of the FDCPA in connection with their communications to Plaintiff and others similarly situated.

58.     Defendants violated 15 U.S.C. § 1692e of the FDCPA by falsely representing that the balance could increase due to interest.

59.     Defendant's false, misleading and deceptive statement(s) is material to the least sophisticated consumer.

60.     Section 1692e(2)(A) of the FDCPA prohibits a debt collector from making a false representation of the character, amount or legal status of a debt.

61.     Defendants violated 15 U.S.C. § 1692e(2)(A) by making false representations of the character, amount and legal status of the debt.

62.     Defendants violated 15 U.S.C. § 1692e(2)(A) by falsely representing that the balance could increase due to interest.

63.     Defendants violated 15 U.S.C. § 1692e(2)(A) as Defendants were prohibited from charging or adding interest.

64.     Defendants violated 15 U.S.C. § 1692e(2)(A) as Defendants were not authorized by contract to charge or add interest.

65.     Defendants violated 15 U.S.C. § 1692e(2)(A) as Defendants were not authorized by any law to charge or add interest.

66.     Defendants violated 15 U.S.C. § 1692e(2)(A) as Defendants never intended to charge or add interest.

67.     Section 1692e(5) of the FDCPA prohibits a debt collector from threatening to take any action that cannot legally be taken or that is not intended to be taken.

68.     Defendants violated 15 U.S.C. § 1692e(5) by stating that the amount due could increase due to additional interest when in fact the amount due would not and did not increase.

69.     Defendants violated 15 U.S.C. § 1692e(5) by threatening to increase the amount due by adding additional interest when in fact the amount due would not and did not increase.

70.     Defendants violated 15 U.S.C. § 1692e(5) by threatening to increase the amount due by adding additional interest when in fact the contract did not authorize interest to be charged or added.

71.    Defendants violated 15 U.S.C. § 1692e(5) by threatening to increase the amount due by adding additional interest when in fact no law permitted interest to be added.

72.    Section 1692e(10) prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt.

73.    Defendants violated 15 U.S.C. § 1692e(10) by stating that the amount due could increase when in fact the amount due would not, did not and could not legally increase.

74.    Section 1692f *et seq.* of the FDCPA prohibits a debt collector from using unfair or unconscionable means to collect or attempt to collect any debt.

75.    Defendants utilized unfair or unconscionable means to collect or attempt to collect the debt by representing that the amount due could increase when in fact the amount due would not, did not and could not legally increase.

76.    Defendants' conduct as described herein constitutes unfair or unconscionable means to collect or attempt to collect any debt.

77.    Defendant MERCANTILE is vicariously liable for any violations of the FDCPA that LVNV committed as described herein.

78.    Defendant LVNV is vicariously liable for any violations of the FDCPA that MERCANTILE committed as described herein. See *Fox v. Citicorp Credit Services, Inc.*, 15 F.3d 1507 (9th Cir. 1994); *Pollice v. National Tax Funding, L.P.*, 225 F.3d 379 (3d Cir. 2000).

79.    Congress enacted the FDCPA in part to eliminate abusive debt collection practices by debt collectors.

80.    Plaintiff and others similarly situated have a right to free from abusive debt collection practices by debt collectors.

81.     Plaintiff and others similarly situated have a right to receive proper notices mandated by the FDCPA.

82.     Plaintiff and others similarly situated were sent letters, which could have affected their decision-making with regard to the debt.

83.     Plaintiff and others similarly situated have suffered harm as a direct result of the abusive, deceptive and unfair collection practices described herein.

84.     Plaintiff has suffered damages and other harm as a direct result of Defendants actions, conduct, omissions and violations of the FDCPA described herein.

**WHEREFORE,** Plaintiff demands judgment against Defendants as follows:

(a)     Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative and her attorneys as Class Counsel;

(b)     Awarding Plaintiff and the Class statutory damages;

(c)     Awarding Plaintiff and the Class actual damages;

(d)     Awarding pre-judgment interest;

(e)     Awarding post-judgment interest.

(f)     Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses; and

(g)     Awarding Plaintiff and the Class such other and further relief as the Court may deem just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

Dated: August 7, 2018                          Respectfully submitted,

                                    By:    /s/ Ben A. Kaplan
                                           Ben A. Kaplan, Esq. (NJ 037712008)
                                           CHULSKY KAPLAN, LLC
                                           280 Prospect Avenue, 6G
                                           Hackensack, New Jersey 07601
                                           Phone (877) 827-3395 ex 102
                                           Cell Phone: (201) 803-6611
                                           Fax: (877) 827-3394
                                           ben@chulskykaplanlaw.com
                                           Attorneys for Plaintiff

## CERTIFICATION PURSUANT TO LOCAL RULE 11.2

I, hereby certify that the matter in controversy is not the subject of any other court, arbitration or administrative proceeding.

Dated: August 7, 2018

                                           /s/ Ben A. Kaplan
                                           Ben A. Kaplan, Esq. (NJ 037712008)
                                           CHULSKY KAPLAN, LLC
                                           280 Prospect Avenue, 6G
                                           Hackensack, New Jersey 07601
                                           Phone (877) 827-3395 ex 102
                                           Cell Phone: (201) 803-6611
                                           Fax: (877) 827-3394
                                           ben@chulskykaplanlaw.com
                                           Attorneys for Plaintiff

# EXHIBIT A

01/02/2013   07:48   7322825152                                                          PAGE  01/02

CIENNE, TX 78006-8202          MERCANTILE

| | |
|---|---|
| Current Creditor | LVNV FUNDING LLC |
| Original Creditor | BALLY TOTAL FITNESS HOLDING CORP. |
| Account Number | ********4002 |
| Reference Number | 6 CSR |
| Current Balance | $2,210.80 |
| Amount Enclosed: $ | |

Date: 08/11/2017

Office Hours (Eastern Time):
Monday-Thursday     8:00 am - 9:00 pm
Friday              8:00 am - 5:00 pm

1 MB   *A-02-6W1-AM-06712-28

LOPEZ, SUHEIL
138 PRIMROSE LN
BRICK NJ 08724-1432

Please send payment or correspondence to:
Mercantile Adjustment Bureau, LLC
PO Box 9055
Williamsville NY 14231-9055

- - - - - - - - - - - - - - - - - - - PLEASE DETACH AND RETURN THIS PORTION WITH YOUR PAYMENT - - - - - - - - - - - - - - -

Date: 08/11/2017

Suheil Lopez,

Mercantile Adjustment Bureau, LLC has received authorization from LVNV FUNDING LLC to initiate
collection efforts to recover the current balance due as noted above.
We are available to work with you to help you satisfy the debt in a manner that is fair and equitable to all
parties. Our account representatives are ready to assist you.
Sincerely,
Dan Lauer
Phone Number: 1-800-693-3455

The account balance may periodically increase due to the addition of accrued interest as provided in
your agreement with the original creditor or as otherwise provided by law.

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this
debt or any portion thereof, this office will assume this debt is valid.  If you notify this office in writing
within 30 days from receiving this notice that you dispute the validity of this debt or any portion thereof,
this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such
judgment or verification. If you request of this office in writing within 30 days after receiving this notice
this office will provide you with the name and address of the original creditor, if different from the current
creditor.

SEE REVERSE SIDE FOR IMPORTANT INFORMATION
Mercantile Adjustment Bureau, LLC 165 Lawrence Bell Drive, Suite 100 Williamsville, NY 14221-7900 1-800-693-3455

01/02/2013  07:48    7322825152                                        PAGE  02/02

1 MB   *A-02-6W1-AM-08712-28

## PRIVACY NOTICE

This Privacy Notice is being provided on behalf of each of the following related companies (collectively, the "Resurgent Companies"). It describes the general policy of the Resurgent Companies regarding the personal information of customers and former customers.

Resurgent Capital Services L.P

Sherman Acquisition L.L.C.

Resurgent Capital Services PR LLC

CACV of Colorado, LLC

LVNV Funding, LLC

PYOD LLC

Anson Street LLC

CACH, LLC

Ashley Funding Services LLC

SFG REO, LLC

Pinnacle Credit Services, LLC

**Information We May Collect.** The Resurgent Companies may collect the following personal information: (1) information that we receive from your account file at the time we purchase or begin to service your account, such as your name, address, social security number, and assets; (2) information that you may give us through discussion with you, or that we may obtain through your transactions with us, such as your income and payment history; (3) information that we receive from consumer reporting agencies, such as your creditworthiness and credit history, and (4) information that we obtain from other third party information providers, such as public records and databases that contain publicly available data about you, such as bankruptcy and mortgage filings. All of the personal information that we collect is referred to in this notice as "collected information".

**Confidentiality and Security of Collected Information.** At the Resurgent Companies, we restrict access to collected information about you to individuals who need to know such collected information in order to perform certain services in connection with your account. We maintain physical safeguards (like restricted access), electronic safeguards (like encryption and password protection), and procedural safeguards (such as authentication procedures) to protect collected information about you.

**Sharing Collected Information with Affiliates** From time to time, the Resurgent Companies may share collected information about customers and former customers with each other in connection with administering and collecting accounts to the extent permitted under the Fair Debt Collection Practices Act or applicable state law.

**Sharing Collected Information with Third Parties** The Resurgent Companies do not share collected information about customers or former customers with third parties, except as permitted in connection with administering and collecting accounts under the Fair Debt Collection Practices Act and applicable state law.

JS 44 (Rev. 07/16)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| **I. (a) PLAINTIFFS** | **DEFENDANTS** |
|---|---|
| LOPEZ SUHEIL | MERCANTILE ADJUSTMENT BUREAU, LLC; LVNV FUNDING, LLC and JOHN DOES 1-25. |

**(b)** County of Residence of First Listed Plaintiff    Ocean County, NJ
        *(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant _____
        *(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, Email and Telephone Number)*
Ben Kaplan Esq. and Glen Chulsky Esq.
Chulsky Kaplan LLC, 280 Prospect Ave. 6G, Hackensack, NJ 07601,
ben@chulskykaplanlaw.com, (877) 827-3395 ex 102

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1   U.S. Government Plaintiff
- ☒ 3   Federal Question *(U.S. Government Not a Party)*
- ☐ 2   U.S. Government Defendant
- ☐ 4   Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*        *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | Pharmaceutical Personal Injury | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☒ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 896 Arbitration |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
15 USC 1692

Brief description of cause:
FDCPA Violation

## VII. REQUESTED IN COMPLAINT:

☒ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $ _____

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*   JUDGE _____    DOCKET NUMBER _____

DATE
08/07/2018

SIGNATURE OF ATTORNEY OF RECORD
/s/ Ben Kaplan

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____