NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| SUHEIL LOPEZ, on behalf of herself and all others similarly situated,<br><br>　　　　　　　Plaintiff,<br><br>　v.<br><br>MERCANTILE ADJUSTMENT BUREAU, LLC and LVNV FUNDING, LLC,<br><br>　　　　　　　Defendants. | Civ. No. 18-12490<br><br>**OPINION** |

THOMPSON, U.S.D.J.

## INTRODUCTION

This matter comes before the Court upon Plaintiff Suheil Lopez's Appeal of Magistrate Judge Lois H. Goodman's April 1, 2019 Order. (Appeal, ECF No. 19; Order, ECF No. 18.) Defendants Mercantile Adjustment Bureau, LLC ("Mercantile") and LVNV Funding, LLC ("LVNV") (collectively, "Defendants") oppose. (ECF No. 23.) The Court has decided this matter on the written submissions of the parties, pursuant to Local Rule 78.1(b). For the reasons stated herein, Plaintiff's Appeal is denied, and Magistrate Judge Goodman's Order is affirmed.

## BACKGROUND

This case arises under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (Compl. ¶¶ 51–84, ECF No. 1.) Plaintiff represents a putative class, defined in the Complaint as follows:

> All New Jersey consumers who were sent letters and/or notices from MERCANTILE concerning a debt owed by LVNV, which originated with BALLYS TOTAL FITNESS HOLDING CORP. and which included the alleged conduct and practices described herein.

1

(*Id.* ¶ 15.) According to Plaintiff, she modified the class definition—apparently unilaterally and without the Court's permission—removing any reference to Bally's Total Fitness:

> all New Jersey CONSUMERS for whom MERCANTILE ADJUSTMENT BUREAU, LLC sent a communication, the same as or substantially similar to Exhibit A of the Complaint or a similar communication to the CONSUMER regarding a debt, from August 7, 2017 through the present.

(Joint Letter at 3, ECF No. 19-1.) The Complaint was never amended to reflect this change.[1]

Several discovery disputes arose during this case. (*Id.* at 2.) The parties resolved all disputes except for three discovery requests by Plaintiff to Defendant Mercantile, which are at issue here. (*Id.*)

Plaintiff sent the following interrogatory to Defendant Mercantile:

> State the number of consumers located in New Jersey for which Mercantile Adjustment Bureau, LLC sent a communication (Exhibit A), or of the same form as Exhibit A, during the class period.

(*Id.*) Defendant Mercantile responded that it had sent eighteen communications to consumers in New Jersey where Defendant LNVN owned debt and *where the debt was originated by Bally's Total Fitness*. (*Id.*)

Plaintiff requested Defendant Mercantile's admission that:

> [Defendant Mercantile] sent a communication in the same form as Exhibit A to at least 50 consumers in New Jersey during the class period where the debt in the communication was based on a judgment entered against the consumer.

(*Id.*) Defendant Mercantile denied this statement. (*Id.*) Plaintiff also requested admission of the same statement, but with 100 consumers instead of 50. (*Id.* at 3.) Defendant Mercantile denied that statement as well. (*Id.*)

---

[1] Plaintiff moved to amend the Complaint and thereby broaden the class definition to "All New Jersey consumers who were sent letters and/or notices from MERCANTILE concerning a debt owed by LVNV, which included the alleged conduct and practices described herein." (Proposed Am. Compl. ¶ 14, ECF No. 12-4; *see also* Mot. Amend, ECF No. 11.) But Plaintiff withdrew the Motion without giving a reason. (ECF No. 16.)

Plaintiff argues that Defendant Mercantile's interrogatory answer was not responsive to the question because it accounted only for consumers whose debts originated with Bally's Total Fitness. (*Id.* at 4.) She also claims that Defendant Mercantile would admit to the two requests for admission if it applied the modified class definition. (*Id.*)

Plaintiff asked Magistrate Judge Goodman to compel Defendant Mercantile to respond to these three discovery requests using the modified class definition. (*Id.* at 5.) Magistrate Judge Goodman, in a Letter Order, denied Plaintiff's request. (Order at 1, ECF No. 18.) She explained, "The gravamen of the parties' current discover[y] dispute is whether Plaintiff is entitled to redefine her putative class definition at will." (*Id.*) Finding that Plaintiff was not so entitled, Magistrate Judge Goodman concluded that the class definition in the Complaint controlled and that Plaintiff's requested discovery is irrelevant to the proposed class described in the Complaint. (*Id.* at 2.)

On April 15, 2019, Plaintiff appealed Magistrate Judge Goodman's decision. (ECF No. 19.) Defendants opposed on May 6, 2019. (ECF No. 23.) No reply brief was filed. This matter is presently before the Court.

## **LEGAL STANDARD**

In the District of New Jersey, "[a]ny party may appeal from a Magistrate Judge's determination of a non-dispositive matter." Local Civ. R. 72.1(c)(1)(A). Upon appeal, the District Judge shall "set aside any portion of the Magistrate Judge's order found to be clearly erroneous or contrary to law." *Id.* A magistrate judge's factual determination will be upheld unless clearly erroneous, in other words, "when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Callas v. Callas*, 2019 U.S. Dist. LEXIS 17882, at *5 (D.N.J. Feb. 4, 2019) (quoting *Anderson v. City of Bessemer*, 470 U.S. 564, 573 (1985)). Legal determinations

are reviewed de novo. *Id.* (citing *Cooper Hosp./Univ. Med. Ctr. v. Sullivan*, 183 F.R.D. 119, 127 (D.N.J. 1998)).

"However, where an appeal seeks review of a matter within the purview of the magistrate judge, such as a discovery dispute, an even more deferential standard, the 'abuse of discretion standard,' must be applied." *Fagan v. Fischer*, 2018 U.S. Dist. LEXIS 97225, at *9 (D.N.J. June 11, 2018); *see also* Allyn Z. Lite, New Jersey Federal Practice Rules 458–61 (2019 ed.) (collecting cases). *But see Ebert v. Twp. of Hamilton*, 2016 U.S. Dist. LEXIS 157916, at *4 (D.N.J. Nov. 15, 2016) (noting that the abuse of discretion standard "as a practical matter . . . incorporates plenary review of legal questions and clear error review of factual ones"). An abuse of discretion occurs "when the judicial action is arbitrary, fanciful or unreasonable, which is another way of saying that discretion is abused only where no reasonable man would take the view adopted." *Ebert*, 2016 U.S. Dist. LEXIS 157916, at *4 (quoting *Lindy Bros. Builders v. Am. Radiator & Std. Sanitary Corp.*, 540 F.2d 102, 115 (3d Cir. 1976)).

## **DISCUSSION**

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . . ." Fed. R. Civ. P. 26(b)(1). Relevance is at issue here. The Complaint limited the putative class to consumers whose debts originated with Bally's Total Fitness. (Compl. ¶ 15), so any discovery regarding consumers whose debts originated elsewhere is irrelevant.

If the class definition were expanded to include all consumers contacted by Defendant Mercantile within the class period, regardless of where the consumers' debts originated, then relevant discovery would naturally expand to fit that definition. Unfortunately for her, Plaintiff has not expanded the class definition. The Federal Rules of Civil Procedure are quite permissive in allowing amendments to a complaint. *See* Fed. R. Civ. P. 15(a)(2) ("The court should freely

4

give leave [to amend] when justice so requires."). But a party cannot circumvent amending the complaint and, in the words of Magistrate Judge Goodman, "redefine [the] putative class definition at will." (Order at 1.) "[T]he court . . . has the authority to confine discovery to the claims and defenses asserted in the pleadings, and . . . the parties . . . have no entitlement to discovery to develop new claims or defenses that are not already identified in the pleadings." Fed. R. Civ. P. 26(b)(1) advisory committee's note to 2000 amendment.

Plaintiff cites several cases in an attempt to show that she is entitled to discovery outside the confines of the class definition pleaded in the Complaint. None of the cited cases are persuasive. Some cases state that relevance is broadly defined for the purposes of discovery, but they also state that parties are not entitled to discovery of matters outside of pleaded claims and defenses. *See Wrangen v. Pa. Lumbermans Mut. Ins. Co.*, 593 F. Supp. 2d 1273, 1278 (S.D. Fla. 2008); *In re PE Corp. Sec. Litig.*, 221 F.R.D. 20, 23–24 (D. Conn. 2003). Several cited cases rely on an earlier and more expansive version of Rule 26(b)(1).[2] *Oppenheimer Fund v. Sanders*, 437 U.S. 340, 351 (1978); *Hickman v. Taylor*, 329 U.S. 495, 507 (1947); *Williams v. Dothan*, 745 F.2d 1406, 1415 (11th Cir. 1984); *Duke v. Univ. of Tex.*, 729 F.2d 994, 996–97 (5th Cir. 1984). Finally, Plaintiff points to *In re Domestic Air Transportation Antitrust Litigation*, 137 F.R.D. 677, 683 n.5 (N.D. Ga. 1991). Magistrate Judge Goodman has already explained that "[t]he district court in that case was deciding a motion for class certification that had been amended," and that "there is no reason to believe that [revisions to the class definition] occurred outside the context of an application to the court." (Order at 2 (citing *In re Domestic Air*, 137 F.R.D. at 681, 683).)

---

[2] Rule 26(b)(1) formerly allowed discovery "regarding any matter, not privileged, which is *relevant to the subject matter involved* in the pending action." *See Oppenheimer*, 437 U.S. at 352 (quoting the older version of the rule) (emphasis added). This "subject matter" language was eliminated in 2000. *See* Fed. R. Civ. P. 26(b)(1) advisory committee's note to 2000 amendment.

5

In short, Magistrate Judge Goodman did not abuse her discretion by refusing to compel discovery on a class definition that had not been pleaded. Her decision is affirmed.

## **CONCLUSION**

For the foregoing reasons, Plaintiff's Appeal of Magistrate Judge Decision is denied. An appropriate Order will follow.

Date:   5/15/19                                        */s/ Anne E. Thompson*
                                                                 ANNE E. THOMPSON, U.S.D.J.